**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Michael S. Caviness, | ) | No. CV-07-0635-PHX-FJM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Horizon Community Learning Center, Inc.; Lawrence E. Pieratt, | ) ) ) | |
| Defendants. | ) ) ) | |

The court has before it plaintiff's memorandum in support of subject matter jurisdiction (doc. 17), defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 18),[1] plaintiff's response (doc. 21), and defendants' reply (doc. 22).

Plaintiff Michael Caviness was a teacher and athletic coach at Horizon Community Learning Center, Inc., an Arizona charter school, for approximately six years. His contract was not renewed as of June 9, 2006, after a student filed a misconduct charge against him. He claims that defendants denied his request for a name-clearing hearing and prevented him from obtaining subsequent employment. He sued Horizon and Lawrence Pieratt, its chief

---

[1] This motion is properly characterized as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

1  executive officer, (collectively "Horizon") alleging, among other things, violation of 42
2  U.S.C. § 1983, based on a deprivation of his Fourteenth Amendment rights.

3 Section 1983 provides a federal cause of action against any person who, acting under
4 color of state law, deprives another person of his federal rights. The under color of state law
5 element of section 1983 "excludes from its reach merely private conduct, no matter how
6 discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S.
7 Ct. 977, 985 (1999) (quotation omitted). Conduct by a private entity is treated as state action
8 under section 1983 only when "there is a sufficiently close nexus between the State and the
9 challenged action of the [private] entity so that the action of the latter may be fairly treated
10 as that of the State itself." Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449,
11 453 (1974); Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 2770 (1982) (the
12 "ultimate issue" is whether the alleged infringement of federal rights is "fairly attributable
13 to the State"). In order to "avoid the imposition of responsibility on a State for conduct it
14 could not control," we must consider whether "the State is *responsible* for the specific
15 conduct of which the plaintiff complains." Brentwood Acad. v. Tenn. Secondary Sch.
16 Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001) (emphasis in original).
17 Therefore, the question before us is whether the challenged action–Horizon's decision not
18 to renew plaintiff's employment contract, its refusal to provide a name-clearing hearing, and
19 its alleged interference with his effort to obtain other employment–is fairly attributable to the
20 State of Arizona.

21 Under A.R.S. § 15-101(b)(3), a "charter school" is defined as "a public school
22 established by contract with a district governing board, the state board of education or the
23 state board for charter schools." Plaintiff contends that because charter schools are a creation
24 of state law and exist solely through their contract with a political subdivision or state
25 sponsor, they are state actors for purposes of section 1983. He suggests that the statutory
26 characterization of a charter school as a "public school" is determinative of state action.
27 Plaintiff's Memorandum at 5. We disagree. The nature of a legal entity for purposes of
28 section 1983 is not determined by its statutory characterization. See Jackson, 419 U.S. at 350

1  & n.7, 95 S. Ct. at 453 & n.7 (statutory designation of "public utility" is insufficient to
2  convert action by private company into state action); Brentwood Acad., 531 U.S. at 296, 121
3  S. Ct. at 931 (character of legal entity is not determined by its characterization in statute as
4  "private").

5        Plaintiff also argues that because Horizon is chartered to provide public education, it
6  is performing a "public function," and is therefore a state actor under section 1983. The
7  performance of a public function, however, does not permit a finding of state action "unless
8  the function performed was exclusively and traditionally public." Id. at 302, 121 S. Ct. at
9  934; Rendell-Baker, 457 U.S. at 842, 102 S. Ct. at 2772. The provision of educational
10 services in Arizona is not traditionally and exclusively the prerogative of the state. Arizona
11 permits alternatives to traditional public school education by allowing private entities to
12 provide education through both charter and private schools. See A.R.S. §§ 15-181-89, 15-
13 161.

14       Rather than simply relying on the characterization of the private entity or the services
15 it performs, we must consider whether there is a sufficiently close nexus between the State
16 and the specific challenged action of the private entity. Acts by a private entity may be
17 deemed state action if, with respect to the activity at issue, the private entity acted in concert
18 or conspired with state actors, is "entwined" with the government, is subject to governmental
19 coercion or encouragement, is willingly engaged in joint action with the government, or is
20 controlled by an agency of the State. Brentwood Acad., 531 U.S. at 296, 121 S. Ct. at 930.

21       In Rendell-Baker, a privately-operated school for students with disciplinary problems
22 was sued under section 1983 after it terminated a counselor and several teachers. 457 U.S.
23 at 834-35, 102 S. Ct. at 2767-68. The school was managed by a private board of directors
24 and was located on private property. However, it received more than ninety percent of its
25 operations budget from public funds. The Court concluded that there was no showing that
26 the school acted under color of state law and dismissed the section 1983 claims. A decisive
27 factor in the Court's analysis was that "the decisions to discharge the petitioners were not
28 compelled or even influenced by any state regulation." 457 U.S. at 841, 102 S. Ct. at 2771.

- 3 -

1 The Court noted that, other than regulations requiring the school to maintain written job
2 descriptions, and written personnel standards and procedures, id. at 833, 102 S. Ct. at 2767,
3 the state "showed relatively little interest in the school's personnel matters," id. at 841, 102
4 S. Ct. at 2771.

5       Similarly, here there is no suggestion that the State of Arizona had any involvement
6 in the decision not to renew plaintiff's contract, to deny him a name-clearing hearing, or to
7 interfere with his future employment. Plaintiff does not contend that the employment actions
8 were based on a rule or policy established by state regulation. As in Rendell-Baker, other
9 than broadly requiring that charter schools comply with "federal, state and local statutes and
10 rules, regulations and statutes relating to health, safety, civil rights and insurance," A.R.S.
11 § 15-183(E), the State of Arizona has relatively little involvement in the school's personnel
12 matters.

13       The cases cited by plaintiff are inapposite. Here, the cause of action arises out of an
14 employment claim by a teacher. In contrast, plaintiff relies on cases involving challenges to
15 the nature and quality of education provided by a charter school. See Scaggs v. N.Y. Dept.
16 of Ed., No. 06-CV-0799, 2007 WL 1456221, at *13 (E.D.N.Y. May 16, 2007) (section 1983
17 claims by students for school's failure to provide an adequate education as required by state
18 and federal statutes); Irene B. v. Phil. Acad. Charter Sch., No. 02-1716, 2003 WL 24052009
19 (E.D. Pa. Jan. 29, 2003) (student alleged section 1983 violation for school's failure to comply
20 with IDEA); Riester v. Riverside Cmty. Sch., 257 F. Supp. 2d 968, 972 (S.D. Ohio 2002)
21 (teacher terminated in retaliation for her complaints about lack of school services for
22 student). Other cases cited by plaintiff found state action by relying on state enabling statutes
23 that characterized charter schools as "public"–a criterion the United States Supreme Court
24 has rejected as controlling. See Matwijko v. Bd. of Trustees, No. 04-CV-663A, 2006 WL
25 2466868 (W.D.N.Y. Aug. 24, 2006); Riester, 257 F. Supp. 2d at 972; Daugherty v. Vanguard
26 Charter Sch. Acad., 116 F. Supp. 2d 897, 903 (W.D. Mich. 2000).

27       Nor is plaintiff's reliance on Op. Ariz. Att'y Gen. No. 195-10 (1995) persuasive.
28 There, the Attorney General concluded that "for the purpose of the Open Meeting Law,

charter schools are an 'institution or instrumentality of the state or political subdivisions.'" The attorney general's conclusion is expressly limited to the Open Meeting Law, and neither addresses nor controls whether a charter school is a state actor for purposes of section 1983.

There is no evidence, with respect to plaintiff's specific employment claims, that Horizon acted in concert or conspired with state actors, was subject to government coercion or encouragement, or was otherwise entwined or controlled by an agency of the State. Because we conclude that the employment decisions were the acts of a private entity not fairly attributable to the State, plaintiff's section 1983 claim fails. In the absence of any remaining federal claims, we decline to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

Therefore, **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 18).

DATED this 14th day of December, 2007.

/s/ Frederick J. Martone
Frederick J. Martone
United States District Judge